UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATRINA MICHEL,

    Plaintiff,

vs.     Case No. 11-12583

HON. AVERN COHN

CARSWELL MEDICAL FACILITY,

    Defendant.
_____/

## ORDER OF DISMISSAL

I.

Plaintiff LaTrina Michel, proceeding pro se, filed a complaint naming "Carswell Medical Facility" as the defendant. Plaintiff has been granted permission to proceed without payment of the filing fee. For the reasons which follow, the Court shall dismiss the case under 28 U.S.C. § 1915(e)(2).

II.

The screening procedures established by § 1915 apply to cases filed by non-prisoners and prisoners. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). Section 1915(e)(2) allows the Court to dismiss a case at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Moreover, federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Hudson v. Coleman, 347 F.3d 138, 141 (6th Cir.2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). Federal courts have an independent duty to determine whether they have jurisdiction. See Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir.1997). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. Kokkonen, 511 U.S. at 377.

III.

The thrust of the complaint is plaintiff's statement that she is "dissatisfied with the determination made on the claim of negligence of medical care provided by the medical staff at Carswell." Plaintiff then goes on to detail the alleged inadequate medical care by Carswell staff which took place in 2009-2010.

The complaint contains no allegations regarding the basis for jurisdiction. Plaintiff used the term "negligence" which implies a claim under state law. However, "Carswell Medical Facility" is actually the "Federal Medical Center Carswell" ("FMC Carswell"). FMC Carswell is part of the Bureau of Prisons, an agency of the Department of Justice. It is located in located in Fort Worth, Texas. Further, a search of the Bureau of Prisons' website shows that plaintiff was released from federal custody on August 12, 2010.[1] Thus, it appears that plaintiff is a former federal prisoner and is

---

[1] A search of PACER, a national court database, revealed that plaintiff was convicted in this district, following a plea, of possession with intent to distribute heroin.

seeking to sue the federal medical center regarding care she received while a federal prisoner. If that is the case, plaintiff's complaint is against the government, not FMC Carswell, and should be brought under federal law. Moreover, as all of the events occurred in Texas, there is a question as to whether venue is proper in this district.

Overall, the complaint as it currently stands does not state a claim. Accordingly, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

S/Avern Cohn<br>
AVERN COHN<br>
UNITED STATES DISTRICT JUDGE

Dated: June 21, 2011

I hereby certify that a copy of the foregoing document was mailed to, LaTrina Michel, 2673 Martin Luther King, Detroit, MI 48208 on this date, June 21, 2011, by electronic and/or ordinary mail.

S/Julie Owens<br>
Case Manager, (313) 234-5160

---

She was sentenced in 2006 to 63 months imprisonment. United States v. Michel, 95-CR-80930 (E.D. Mich).

3